**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CitiMortgage, Inc.** | ) | **CASE NO. 1:05 CV 1238** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Leonard S. Priebe, et al.,** | ) | **Memorandum of Opinion & Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon (1) Counterclaim Defendant Citimortgage, Inc.'s Motion to Dismiss (Doc. 10); (2) Counterclaim Plaintiffs Leonard and Joanne Priebe's Motions to Amend their Amended Counterclaim (Doc. 16); (3) Motion to Supplement Counterclaim Plaintiffs' Rule 15(a) Motion to Amend their Amended Counterclaim (Doc. 18); and (4) Motion to Join Citigroup as a Counterclaim Defendant (Doc. 33).

For the following reasons, the Court determines that it lacks jurisdiction over this matter and *sua sponte* remands this case to the Cuyahoga County Court of Common Pleas.

1

**Facts**

Plaintiff CitiMortgage, Inc. filed this foreclosure action against defendants Leonard Priebe, Joanne Priebe, Huntington National Bank, Dollar Bank and the United States of America, in the Cuyahoga County Court of Common Pleas.

On July 15, 2004, defendants Leonard and Joanne Priebe filed an Answer and Counterclaim against plaintiff CitiMortgage.  Subsequently, on April 15, 2005, defendants Leonard and Joanne Priebe filed an Amended Counterclaim, which alleges (1) gross negligence; (2) violations of various provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*; (3) slander of credit; (4) emotional distress from service of process; and (5) emotional distress from filing foreclosure action.  The Amended Counterclaim also seeks punitive damages and attorney's fees.

On May 5, 2005, plaintiff CitiMortgage voluntarily dismissed its Complaint as against all defendants.  Plaintiff CitiMortgage then removed this case to this Court on May 11, 2005 pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  Defendants Leonard and Joanne Priebe filed an "Objection to Removal" on May 26, 2005, which argued that plaintiff CitiMortgage's Notice of Removal should be denied as untimely.  (Doc. 7).  Defendants later withdrew their Objection to Removal on July 18, 2005.

**Standard of Review**

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction.  *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand

to state court is mandatory."). Even when the parties do not themselves raise any jurisdictional issues, "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Moreover, "[i]n examining the propriety of the removal...removal statutes are strictly construed against removal, such that doubt should be resolved in favor of remand." *Lexington-Fayette Urban County Governmental Civil Service Commission, v. Overstreet*, unreported, 2004 WL 2452679 (6th Cir. Oct. 29, 2004)*(citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

**Analysis**

28 U.S.C. §1441 provides, in relevant part,

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

Interpreting the above language, federal courts have consistently held that "it is clear that the privilege of removal extends only to *defendants* and not to *plaintiffs*." *McCane v. McCane*, 47 F.Supp.2d 848, 851 (E.D. Mich. 1999) (emphasis in original) (citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) and *Shamrock Oil*, 313 U.S. at 104). *See also Stroud v. Ward*, 1989 WL 96420 at ** 1 (6th Cir. Aug. 21, 1989). This has been held to be the case even when the plaintiff is in the position of a defendant with regard to a counterclaim asserted against them. *See e.g. Shamrock Oil*, 313 U.S. at 104; *Ballard's Service Center, Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989); *Integrated Disability Resources, Inc. v. Cicchillo*, 2005 WL 1680790 at * 1 (N.D.

Ohio July 19, 2005); 14C Wright & Miller § 3731 (stating that "[t]hus, the plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them" and citing cases).

Based on the above well-settled principles of law, the Court finds that plaintiff CitiMortgage improperly removed this case to this Court.  As such, the Court lacks jurisdiction over this matter and the case must be remanded to state court.

**Conclusion**

For the foregoing reasons, the Court *sua sponte* remands this action to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  8/15/05